IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donnie Wayne Sheffield, ) | C/A No. 0:11-228-JFA-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Donnie Wayne Sheffield ("Petitioner"), a self-represented federal prisoner, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner also submitted a Motion for Reduction of Sentence. (ECF No. 2.) This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be dismissed without prejudice and without issuance and service of process. It is further recommended that the Petition and Motion for Reduction of Sentence be re-characterized as a motion to vacate, set aside, or correct Petitioner's sentence under 28 U.S.C. § 2255, and filed as such in Petitioner's criminal case, United States v. Sheffield, Cr. No. 4:07-769-TLW-1 (D.S.C.).

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:

Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could

prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

In February of 2008, a jury convicted Petitioner in this court of the offense of "felon in possession of a firearm." (See United States v. Sheffield, Cr. No. 4:07-769-TLW-1 (D.S.C.), ECF No. 99.) The Honorable Terry L. Wooten sentenced Petitioner to one hundred twenty (120) months' imprisonment in August of 2008. (Id., ECF No. 114.) Petitioner appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which issued a judgment affirming the conviction on April 2, 2010. (Id., ECF No. 158.) A mandate was issued by the Fourth Circuit on October 6, 2010. (Id.) It does not appear from the court's records that Petitioner has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## DISCUSSION

Generally, a habeas petition brought pursuant to 28 U.S.C. § 2241 "'attacks the execution of a sentence rather than its validity,' whereas a § 2255 motion 'attacks the legality of detention.'" Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *2 (D.S.C. April 7, 2009) (citation omitted).[1]  If a petitioner attacks the validity of his

---

[1] A § 2241 habeas petition generally challenges the execution or implementation of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers. Manigault v. Lamanna, No. 8:06-047-JFA-BHH, 2006 WL 1328780 at *1 (D.S.C. 2006).

Page 3 of 9



sentence, this type of claim should usually be brought under § 2255 in the sentencing court. (Id.) In contrast, a writ under § 2241 by a federal prisoner must be brought against the warden of the facility where the prisoner is being held, and a court may only issue a writ if it has jurisdiction over the custodian. Rumsfeld v. Padilla, 542 U.S. 426 (2004); 28 U.S.C. § 2241(a). Because Petitioner is incarcerated in the District of South Carolina, this § 2241 Petition was properly filed in this court. However, a threshold question in this case is whether Petitioner's claims are cognizable under § 2241.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The statute provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241 **if** the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e); see also Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit Court of Appeals, in In re Jones, 226 F.3d 328 (4th Cir.2000), set forth the test to



determine whether a § 2255 motion should be considered inadequate or ineffective. In order to invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34.

In the instant action, Petitioner cannot demonstrate that a motion under § 2255 is ineffective to test the legality of his detention when no attempt has been made to vacate, set aside, or correct the sentence under that statute. Further, Petitioner's allegations are not cognizable under § 2241 in any event. Petitioner claims that state charges of kidnapping and pointing and presenting a firearm, used to enhance his federal sentence, were dismissed by the state court on April 16, 2007. (See Sheffield v. United States of America, C/A No. 0:11-228-JFA-PJG (D.S.C.), ECF No. 1-1 at 1.) Therefore, Petitioner alleges that the savings clause should be invoked, because he is "actually innocent of the charges used to enhance his sentence." (Id. at 17-18.) However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. See United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("[T]he savings clause only preserves claims in which a petitioner claims actual innocence of his conviction, not just 'innocence' of a sentencing factor."); see also Brown v. Rivera, No. 9:08-CV-3177-PMD-BM, 2009 WL 960212 at *3 (D.S.C. April 7, 2009). Thus Petitioner's action, seeking a



determination that he is actually innocent of a sentence enhancement, is subject to summary dismissal. See Hines v. Owens, C/A No. 4:10-cv-02843-RBH, 2011 WL 53030 at *2 (D.S.C. Jan. 7, 2011) (summarily dismissing § 2241 petition challenging a sentence enhancement); see also Singletary v. Edgefield, C/A No. 0:10-29-CMC-PJG, 2011 WL 317783 (D.S.C. Jan. 31, 2011) ("Petitioner's position [that the savings clause could extend to sentencing claims] is foreclosed by the Fourth Circuit's decision in United States v. Pettiford, 612 F. 3d 270 (4th Cir. 2010)"); Riddle v. Mitchell, C/A No. 9:10-0084-JFA-BM, 2010 WL 1727862 (D.S.C. April 27, 2010 ) (finding improper a claim brought pursuant to § 2241, which contended that the petitioner's enhancement for failure to stop for a blue light no longer qualified as a violent offense due to the court's holding in United States v. Rivers,595 F.3d 558 (4th Cir. 2010)); cf. United States v. Williams, 09-7617, 2010 WL 3760015 (4th Cir. Sept. 24, 2010) (finding prisoner actually innocent of being an armed career criminal in an appeal of an order denying § 2255 relief); United States v. Maybeck, 23 F.3d 888, 893-94 (4th Cir. 1994) (finding for petitioner, in a § 2255 action, that he was actually innocent of the classification as a career offender and remanding for re-sentencing).

Petitioner's motion for a reduction of sentence should be recharacterized as a motion brought pursuant to § 2255. See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that "[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."); Manigault v. Lamanna, C/A No. 8:06-47-JFA-BHH, 2006 WL 1328780 at 4, n.4 (D.S.C. May 11, 2006) ("This Court is not bound by Petitioner's characterization



of his claims . . . ."). This same District Court was the sentencing court in Petitioner's criminal case, and it does not appear that Petitioner has filed a previous § 2255 motion. A claim raised in this action may be cognizable in a § 2255 motion. Also, the AEDPA one-year statue of limitations may be an issue if this action is dismissed without prejudice so that Petitioner can file a subsequent motion under § 2255.²

If this action is recharacterized as a § 2255 motion, Petitioner is hereby informed that any subsequent § 2255 motion will be subject to the restrictions on successive or second § 2255 motions.³ Accordingly, Petitioner may withdraw his Petition or amend it so that it contains **all** of the § 2255 claims that Petitioner wishes to bring before the court. See United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008); United States v. Castro, 540 U.S. 375 (2003). As explained on the last page of this Report and Recommendation, Petitioner is given fourteen (14) days to file objections to this Report and Recommendation. Petitioner must withdraw, or amend the Petition so that it contains all possible § 2255 claims, within the same fourteen (14) day deadline.

---

² Of course, the AEDPA statute of limitations may be an issue even if this action is re-characterized as a § 2255 motion.

³ Before a petitioner may litigate a second § 2255 habeas petition, the "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255; see also 28 U.S.C. § 2244 (regarding the finality of determination).



## RECOMMENDATION

The court recommends that the § 2241 Petition be dismissed and Petitioner's Motion for Reduction of Sentence, filed in the above-captioned case, be recharacterized as a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. The § 2255 motion should be filed in Petitioner's criminal action, United States v. Sheffield, Cr. No. 4:07-769-TLW-1,[4] before the Honorable Terry L. Wooten, sentencing Judge. The filing date of said motion should be designated as January 26, 2011.[5] It is further recommended that the above-captioned case be dismissed without prejudice. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2011
Columbia, South Carolina

*The Petitioner's attention is directed to the important notice on the next page.*

---

[4] The Office of the Clerk of Court should open a § 2255 habeas action using its usual administrative methods.

[5] The Petition was signed and mailed on January 26, 2011. See Houston v. Lack, 487 U.S. 266, 270-276 (1988) (prisoner's pleading was filed at moment of delivery to prison authorities for forwarding to District Court).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).